UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CR-774 (RLW/SPM) |
| JERMAINE COLLIER, | ) ) ) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR BOND**

COMES NOW the United States of America, by and through undersigned counsel, and opposes Defendant's Request for Bond for the following reasons:

1. In recommending detention, the Pretrial Services Report amply demonstrates why Collier poses a flight risk. *See* Doc. 15. In particular, the Report catalogues Collier's various probation violations, confirming that he is not amenable to supervision. *Id.* at 4–5. The Report also documents Collier's "numerous instances" of failing to appear for court proceedings, *id.* at 6, which resulted in the bench warrant on which he was initially arrested in this case. Indeed, Collier is forced to concede that he "does have a history of failing to appear," while suggesting he will take this "more serious case[] seriously." Doc. 16 at 1. But Collier's claim is belied by his established history of noncompliance with court orders, coupled with the fact that he faces an estimated term of imprisonment of at least five years—the longest sentence he would have received to date. Thus, Collier's word alone is insufficient to undercut what is well-more-than-a-preponderance of evidence establishing that he poses a risk of nonappearance at future proceedings.

2. More concerning, however, is the threat Collier poses to his ex-girlfriend and the community. As indicated in the Pretrial Services Report, Collier used one of the multiple firearms

1

in his possession to restrain his ex-girlfriend while two women beat her. Doc. 15 at 6. Collier's motion shrugs off his pending state charges for this incident as "minor felony offenses" resulting from an "ongoing drama" with the victim. Doc. 16 at 2. He then incorrectly indicates that "[t]he only 'evidence' of this alleged assault and exhibiting comes from this woman," who cannot be trusted because "she did not appear or provide a victim impact statement to the state court at the defendant's detention hearing." *Id.* But the ex-girlfriend's statements detailing Collier's role in the assault have been independently corroborated. For example, she gave an accurate description of the distinctive Anderson AM-15 firearm (depicted below) that police later recovered from Collier's basement.



Additionally, this Court implicitly credited the ex-girlfriend's statements about the domestic assault in issuing a search warrant based, in part, on her description of events. Lastly, while the ex-girlfriend did not appear at the state detention hearing because she was "in fear for [her] life," she did provide a victim statement, which was briefly summarized for the state court. This statement, attached hereto, details Collier's history of physical and emotional abuse, the threat he poses to the victim and her family, and additional evidence of his past probation violations. *See* Ex. A. In fact, Collier confirmed her worst fears that "he wants [her] dead" in a recorded jail call, in which he says he needs to get out

2

of jail so he can "pull up" on her and get her to recant. Thus, clear and convincing evidence shows that no conditions will reasonably assure the safety of this victim or others if Collier were released.

3.      In sum, because no conditions of release would mitigate Collier's flight risk and or the danger he poses to the victim and the community, pretrial detention is warranted in this case.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

 /s/ *Zachary M. Bluestone*
ZACHARY M. BLUESTONE, #69004MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2020, a true and accurate copy of this document was filed with the Court's electronic file-management system for service upon all counsel of record.

 /s/ *Zachary M. Bluestone*
ZACHARY M. BLUESTONE
Assistant United States Attorney